NETTIE MAJORS, APPELLANT, V. THOMAS J. MAJORS, APPELLEE.

FILED NOVEMBER 13, 1912.   No. 16,806.

1. Statute of Frauds: PARTNERSHIP: ACCOUNTING.   An agreement of settlement between partners, or between one partner and the representatives of a deceased partner, by which a division is made of all or a part of the partnership property, some of which is real estate, is not within the statute providing that no estate or interest in land shall be created, granted, assigned, surrendered, or declared, unless by operation of law, "or by a deed or conveyance in writing."  Comp. St. 1911, ch. 32, sec. 3.  Such . agreement between partners may be oral, if upon sufficient consideration.

2. Brokers: SALE OF LAND:  AGREEMENT BETWEEN PARTNERS.   Such agreement between partners providing that one of the partners may find a purchaser for the land and have the proceeds above a certain amount is not within section 74, ch. 73, Comp. St. 1911, relating to contracts with agents or brokers to sell lands.

3. Compromise: CONSIDERATION.  In an action upon an alleged settlement or compromise, the plaintiff must allege that there was some reasonable foundation for his claim, and that it was made in good faith; otherwise there is no consideration for the alleged agreement upon compromise.

4. ———: ACTION: PLEADING.  A petition in an action to recover upon an alleged contract of settlement or compromise must show some consideration for the contract, or it will be subject to a. general demurrer.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE.  *Affirmed.*

*George A. Adams,* for appellant.

*T. F. Hamer* and *F. M. Tyrrell, contra.*

SEDGWICK, J.

This case was decided in the district court for Lancaster county upon a general demurrer to the plaintiff's petition, and the plaintiff has appealed.

The petition alleged that the defendant and the plaintiff's husband were formerly in partnership in the mercantile business, and that they sold and disposed of the business, and took as part consideration therefor a tract of land located in Box Butte county, the title being taken in the name of the defendant, and that soon after that the plaintiff's husband died, and that the defendant took possession of the land "to wind up said business of said partnership, pay the obligations, if there were any then unpaid, reduce the assets, including the above described real estate, to money, and adjust and settle up said partnership. That the matter ran along from that time until about the months of February or March, 1907 (about 11 years), the said defendant being in possession of said real estate all the time and receiving the rents, profits and proceeds thereof, and all the time claiming he was adjusting said partnership matters;" that the plaintiff then demanded a settlement of the partnership affairs, and that the defendant account to her, for herself and her children, "for the interest of her said deceased husband in and to said partnership property;" that a controversy existed and had existed for some time as to the interest of the plaintiff and her children in the real estate, the plaintiff insisting for herself and children that they had an interest in the real estate, and the defendant insisting that they had no interest therein, and that it was agreed between the parties, the plaintiff and the defendant, "that this plaintiff should proceed to sell said real estate, and out of the sale of the same the said defendant was to have $8,000, and all over and above said sum of $8,000 was to be received by this plaintiff for the benefit of herself and the said children;" that the plaintiff found a purchaser who was ready and able and willing and offered to give $12,000 for the real estate, which the plaintiff agreed to

take, and notified the defendant, but he "refused to comply with the terms of said contract, but, on the contrary, utterly failed and completely repudiated the same and declined to execute a deed to said real estate;" that there were seven children of the plaintiff and her husband, who were minors at the time of her husband's death. The allegation that the children were minors at the time of the husband's death was not, of course, an allegation that they were minors at the time of making the alleged contract, which was 11 years later, but this perhaps is not a material consideration.

The defendant urges that an oral contract of this kind would not be valid because of the statute of frauds. There does not seem to be any merit in this objection because no estate or interest in the land was created or attempted to be created, granted, assigned, or surrendered or declared by the alleged contract.

The alleged contract would not be within the statute providing that contracts of agency for the sale of real estate must be in writing and signed by the parties, since this was not a contract of agency, but was rather an attempt to adjust matters arising out of the relation of partnership.

We think, however, the petition entirely fails to state a cause of action for other reasons. It was, of course, the duty of the surviving partner to take possession of the land, to wind up the business of the partnership, pay its obligations, to reduce the assets, including the land, into money, and adjust and settle up the partnership business, as it is alleged in the petition he was at all times attempting to do. The plaintiff's husband, if living, would have no legal claim to the proceeds of the land until all this had been done. If her husband was living, he would have had such an interest in the business as would without doubt afford a basis for a contract of settlement between himself and the defendant, adjusting their mutual rights of the assets of the partnership, and it may be that this interest would be sufficient to afford a basis for a contract

of the nature of the one alleged. The plaintiff, however, did not succeed directly to the rights of her husband in the assets of the partnership, since for the purpose of settlement between the parties such assets are regarded as personal property. She would have an interest in the proceeds of the land, provided that, after closing the partnership business, the assets of the partnership were more than sufficient to adjust the claims against the partnership, and provided, further, that the share of the estate of the deceased partner therein was, together with the other property of the estate, more than sufficient to adjust the liabilities of the estate and pay the costs of administration. She had no legal title or claim to the assets of her husband's estate, as they belonged to the administrator. She did not have any right of action against the defendant to settle or compromise. The defendant was still attempting to adjust the partnership business, and an action for an accounting and adjusting of the partner's interest could only be maintained by the administrator of the estate of the deceased partner. If she had any interest whatever in this land, it was contingent, first, upon the value of the assets of the partnership; and, second, upon the solvency of her husband's estate. She does not allege the facts in regard to either, from which it might be found that she had any probable interest. It is not necessary to determine in this case whether the plaintiff could have alleged a cause of action of the nature here attempted. It is sufficient for the determination of this case that she has not alleged any value of the assets of the partnership, nor the liabilities thereof, nor has she alleged any settlement of the estate of her deceased husband, nor the amount of the assets or liabilities of that estate. She has not alleged in general terms that she had any title or interest, legal, equitable or contingent, in this land. There was therefore no substantial interest or claim to compromise or settle, and consequently no consideration for the alleged agreement. In the absence of all these allegations, she has failed to allege that she had any

legal interest in this land to form any basis of settlement, and the demurrer to the petition was rightly sustained.

The judgment of the district court is

AFFIRMED.

HAMER, J., not sitting.